Knott v. Wagner.

## J. W. KNOTT, JR., v. CONRAD WAGNER.

1. NEGLIGENCE. *Remedy for injury caused by. Damages.* The law furnishes every person a remedy by civil action, to recover damages for injuries resulting to him from the negligence of another, even though such injury was accidental.

2. SAME. *Defense.* To constitute a valid defense in such cases, the injury must be shown to have resulted from one controlling superior agency, and without defendant's fault.

3. SAME. *Firing gun near highway. License.* The laws of Tennessee (Code, section 2275), prohibit the firing of guns within two hundred yards of any public highway, and no directions or suggestions from one individual to another can be construed into a license justifying the latter in a violation of said laws.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county.    J. O. PIERCE, J.

J. W. VERNON for Knott.

W. B. GLISSON for Wagner.

COOKE, J., delivered the opinion of the court.

The judgment of the circuit court in this case is erroneous and must be reversed.    The plaintiff, together with one Dunscomb, was traveling in a buggy along a public road near Memphis, known as the new Raleigh road.    They passed the defendant, who was out hunting birds with a shot-gun.    Either plaintiff or Dunscomb remarked to the defendant, pointing to a field at one side of the road, that there were birds in

31—VOL. 16.

that field, that they had been hunting there the day before. The defendant knew there were birds in the field, as he testifies himself, had frequently been there hunting them before, and was going into the field if nothing had been said to him by plaintiff or Dunscomb. The defendant did go into the field and plaintiff and Dunscomb went along the road they were traveling a short distance, when they came to another public road, known as Springdale avenue, into which they turned, and which lead along one side of the field. They had gone but a short distance along this road, when they saw the ~~plaintiff~~ in the field, perhaps, according to the weight of the proof, about forty or fifty yards from them, going in a direction parallel to that in which they were going, with his gun in a shooting position, and in an attitude as though *slipping* up on some birds. Plaintiff and Dunscomb stopped their horse in the lane to see defendant shoot at the birds. Very soon the defendant fired as though he had shot at them on the ground, or when they were about rising to fly. This shot was fired in a direction parallel to that in which plaintiff and his friend were traveling, but the birds flew round in the direction of where plaintiff was, and defendant immediately turned and fired the other barrel directly towards the plaintiff; several of the shot struck him, and one in the eye, by which he was seriously injured, and this suit was brought to recover damages for the injury, etc.

One count of the declaration alleged that the defendant unlawfully and wilfully shot the plaintiff, and in another, it was alleged that he carelessly, negligently

and unlawfully shot him, etc., while traveling along a public road of the first-class, and that said shot was fired within less than two hundred yards of said public road, at a mark or other object, for amusement, by the defendant.     The plea was not guilty.

His Honor charged the jury, among other things, that it was unlawful to shoot a gun at a mark or other object for amusement within two hundred yards of a public road, such as the proof showed both of said roads to be, and that any person so offending was liable for all damages resulting therefrom; and that the plaintiff had a right to be in and along said public roads, and to be protected from being shot when in said roads, and if they found that the plaintiff did not connive at or encourage the shooting by the defendant at that particular time and place, then such shooting was negligence, *per se,* on part of the defendant.     But if they found that, before the shooting occurred, plaintiff connived at or encouraged such shooting by directing the defendant to go to the particular place where he did go and to shoot as he did shoot, or encourage such shooting in any other manner, they might look to this conduct on the part of the plaintiff in consideration whether he waived his right to protection under the road laws above stated, and if he did waive it he could not complain, etc.     He also charged the jury that if the injury was caused by the conduct, or was the immediate result of the conduct of the plaintiff, to which the wrong of the defendant did not contribute as an immediate cause, then the plaintiff should not recover.

There was no testimony to justify either of these charges, and the only particle of evidence to which they could be applied by the jury was the fact that either the plaintiff or Dunscomb had said to the defendant, when they passed him in the road, that there were birds in that field, or that in that field was a good place to hunt for birds, and that they had been there hunting themselves the day before, when the defendant had testified himself that their statement to him had not induced him to go there.

From their verdict the jury must have understood his Honor to mean, by the above charges, that no matter how carelessly or negligently or unlawfully the defendant may have acted in shooting after he went into said field, the mere fact that the plaintiff had said to him that there were birds in the field, or that it was a good place to hunt birds, precluded him from any right to recover for an injury resulting therefrom. While the proof tended strongly to show that the plaintiff was in full view of the defendant, and within forty or fifty yards of him, when he turned and fired directly towards him, there is not a syllable of evidence in the record upon which a verdict for the defendant could, by any possibility, have been predicated, except the above statement, of either plaintiff or Dunscomb, in regard to there being birds in the field. This information, given by plaintiff to defendant, even if he had acted upon it in going into the field to hunt birds, could not fairly be construed into a license on part of the plaintiff to him to shoot at them in violation of the provisions of the Code, section

2275, in regard to shooting within two hundred yards of a public road, as there prohibited, nor to shoot in a careless or negligent manner, under any circumstances.

The plaintiff requested his Honor to charge the jury, "that if they found, from the evidence, that the defendant fired a shot-gun directly at or towards plaintiff while he was in a buggy, standing or passing on or upon a public road, with no substantial obstruction to the view between them, so that defendant could readily see the plaintiff before he fired the shot, and that defendant was, at the time of said shooting, within two hundred yards of a public road of the first or second-class, and that by reason of such shooting the plaintiff was struck and injured, these facts would amount to negligence, and they should find for the plaintiff."

This charge was substantially correct, and should have been given, but was refused. The law affords a party a remedy by civil action to recover damages for an injury to his person or property, caused, either directly or consequentially, by the negligence, inadvertence or want of proper precaution on the part of another, although such injury may have been purely accidental and unintentional. To constitute an available defense in such case, it must appear that the injury was unavoidable, or the result of some superior agency, without the imputation of any degree of fault to the defendant. The mere lawfulness of the act from which the injury resulted, is no excuse for the negligence, unskillfulness or reckless incaution of the party: 3 Sneed, 677. And upon the theory that the defendant went into said field to shoot said birds with the li-

cense or consent of the plaintiff, the court should have so instructed the jury.

Under the instructions as given, the jury found a verdict for the defendant, which the court refused to set aside, and refused a new trial. This was also error. There is no testimony to sustain the verdict.

The Referees have reported that the judgment should be reversd and a new trial granted. We fully concur in their conclusion. Let their report be confirmed, the judgment reversed, and the cause remanded for another trial.